JORGE FRAU AND GABRIEL BORRÁS, Petitioners, *v.* DISTRICT COURT OF BAYAMÓN, LUIS SAMALEA IGLESIAS, JUDGE, Respondent.

No. 1156.  Argued February 6, 1939.—Decided April 28, 1939.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for the petitioners; *Luis Janer, Assistant Prosecuting Attorney,* for the respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Two indictments for the offense of coffee adulteration were filed in the District Court of Bayamón against Jorge Frau and Gabriel Borrás, conducting a business under the name "Industrial Frau Hermanos & Compañía". In each cause a bond was demanded from each one, which they gave in the sum of $300 to remain free on bail. The arraignment in both cases was set for April 18, 1938. The sureties were notified of the date. On that day the defendant Gabriel Borrás appeared. The co-defendant, Jorge Frau, did not appear. The court ordered the fact noted in the record of proceedings and decreed that the sureties be summoned to appear on the 25th day of the same month to show cause why the bonds given for the defendant Frau should not be forfeited. The sureties appeared on the day set for that purpose, and the defendant Frau being present, he informed, through the sureties and his lawyer, that he had been un-

able to appear in court the day set for the arraignment because he lived in a very remote ward of the town of Jayuya and he could not obtain immediately transportation to Bayamón; but that the following day he was at the court house and explained the facts to the District Attorney. The judge did not deem the defendant's explanation sufficient and forfeited the bond. The case against the defendants proceeded and on May 12, 1938, judgment was delivered sentencing them to suffer one month in jail and to pay a $75 fine. A day later the court reconsidered the judgment, striking out from it the jail penalty and letting it stand as to the fine imposed. Matters in that state, on May 31, 1938, the sureties moved for a reconsideration of the order of forfeiture of the bailbond. The court denied it.

On June 30 last the defendants asked for a reconsideration of the sentence imposed upon them, which was granted, because the lower court had become convinced that the testimonies of the state witnesses which served as basis for the judgment were completely false. From the order which reconsidered and vacated the judgment we take the following paragraphs:

"There are more than enough merits showing for the court to adopt, as the District Attorney suggests, an adequate measure to maintain pure justice in these cases.

"The conduct of a citizen who surprises a court of justice, tarnishing and sullying the latter (justice) is reprehensible to the utmost degree; but the facts stand out more markedly when a public officer, unto whom the Government has entrusted its confidence, relying on the qualities of integrity and honesty which are presumed in every citizen, is the party who brings it about. When justice has been so blemished, it would be disgraceful that matters remain in such a state for just one minute after the time when the deceit and fraud have been disclosed.

"The judgments rendered on the 12th of May of 1938 are hereby vacated; and the defendants discharged. The bonds given by them to remain free on bail are cancelled."

Once again the defendant asked for a reconsideration of the order forfeiting the bond and the court, considering erroneously in our opinion that the defendant had no capacity to ask it, again denied it. He then applied to this Court for a certiorari and we quashed the writ issued because we considered that the defendant had moved for reconsideration after the legal term had expired. *Frau* v. *Court,* 53 P.R.R.____.

The defendants have moved for the reconsideration of our last mentioned order. Considering that the motion did not lack grounds we set a date for hearing the parties, and one was held at which only the defendants' attorneys appeared.

They claim that although their petition for a certiorari was not as clear and specific as it should have been, they based their plea for the remedy, not upon the faculty that the lower court has to vacate the order forfeiting the bond when it is made evident that it is erroneous, but in the inherent power possessed by every court to remit the forfeiture of a bond when the objects of justice so demand, as long as the petition and order of remission are executed before the amount of the bond has been paid into the Treasury.

We have again examined the record of the case, as well as the excuse presented by the defendant for his non-appearance at the arraignment. Taking into account the distance and the town where the defendant was, away from the most travelled highways, it is possible that his excuse may be true. In any case, it is evident from the concurrent facts of the case that it was not the intention of the defendant to evade the ends of justice. It is also clear that the Government suffered no damage from the non-appearance of the defendant Frau on the day of the arraignment, because in due time the trial was held without any delay or hindrance. But what is more apparent in all these proceedings is the enormous injustice which would be committed by forcing a man who is falsely and maliciously accused by government officers, to suffer the punishment of paying the considerable sum of $600

after the court, convinced of the injustice plotted against him, freely discharges him.

With reference to the power of courts to remit forfeitures of bond, it is said in 6 American Jurisprudence, p. 188:

"The courts, according to the general view, have inherent power to relieve from forfeiture of a bond. . . "

The aforesaid work, discussing the same faculty of the court after rendering judgment in a criminal case, says:

"Where *there has been no wilful default* and where there has been a subsequent trial and conviction or acquittal of the accused, the purpose of the bail-bond has been satisfied, in which case a proper matter is presented for the exercise of the discretion of the court, and the forfeiture should be set aside. Accordingly, if, during the pendency of an appeal from a judgment of forfeiture on an appearance bond, the defendant is surrendered by his surety on the last day of the term at which he is to appear and is later convicted and sentenced, the surety on the bond is entitled to be discharged. In the event the accused proves innocent, it would be unreasonable and unjust to exact from an innocent man a penalty intended only to secure a trial, because the trial was suspended *in consequence of events which are deemed a reasonable excuse for not appearing* on the day mentioned in the recognizance. If he is found guilty, he must suffer the penalty intended by the law for his offense, and it would be unreasonable to superadd the penalty of an obligation entered into only to secure a trial. The *reasonableness, then, of the excuse for not appearing on the day mentioned* in the recognizance ought to be examined somewhere, and no tribunal can be more competent than that which possesses all the circumstances of the original offense and of the default." Work cited, p. 120. (Italics ours.)

In our judgment the lower court erred in considering that it had no jurisdiction to take cognizance of the motion for reconsideration presented by the defendants.

We must, therefore, reconsider and vacate our judgment of December 9, 1938, and in consequence set aside the orders appealed from the District Court of Bayamón, of October 17 and November 3, 1938, and remand the case for further proceedings not inconsistent with this opinion.